## SUPREME JUDICIAL COURT,

FOR THE COUNTY OF

## LINCOLN.

### SEPTEMBER TERM,

### 1820.

PETERSON, Plaintiff in error, v. LORING.

If a report made by three referees be recommitted, and one of them neglect or refuse to sit again; the other two are competent to make a new award similar to the former, with additional costs.

*Error*, to reverse a judgment rendered by the Circuit Court of Common Pleas on a report of referees.

The submission was made pursuant to *Stat.* 1786. *c.* 21. The referees, having met and heard the parties, made a report in favour of the defendant in 'error, which, for some cause not apparent on the face of the proceedings, was recommitted. Another meeting was notified, at which the original defendant, now plaintiff in error, and one of the referees, did not attend; and the other two referees, certifying that no additional facts were exhibited to them by either of the parties, and that they were satisfied with the former report, which all had signed, made a new award of the same amount of debt and costs as before, with additional costs of reference. This report was accepted and judgment rendered thereupon for the original plaintiff, to reverse which the present writ was sued out.

The error assigned was, that the judgment was rendered upon the report of two referees only, made in the absence of the third, without hearing the parties, or any testimony or allegation relating to the same. Plea, *in nullo est erratum.*

*Ames*, for the plaintiff in error.

It has been often decided that where parties leave the common law remedy, and adopt one provided by statute, the statute must be strictly pursued. It is not enough that a matter in dispute be *referred* to a tribunal of *three* persons,—the *three* must also *act* upon it; and if it be recommitted, the *three* must again *hear* the parties;—which, in the present case has not been done. The Court, therefore, had no jurisdiction of the subject upon which they have undertaken to adjudicate. *Jones v. Hacker*, 5 *Mass.* 264. *Monosiet v. Post*, 4 *Mass.* 532. *Short v. Pratt*, 6 *Mass.* 496.

*Orr*, for the defendant in error.

Where referees once meet, and have a full hearing of the merits and make a report, which is recommitted, if they all *never* meet again, it is no error. *May v. Haven*, 9 *Mass.* 355. The *Stat.* 1786. *c.* 21. gives the Circuit Court of Common Pleas a jurisdiction as extensive as the present case requires. All the requisitions of the statute must be strictly pursued, till the report *comes into Court ;* after which it is to be treated as a *rule of Court*, and is governed by the principles of the case of *May v. Haven.* If not, it is in the power of either party, by collusion with one of the referees, to defeat the beneficial purposes of the statute, and completely to oust the Court of its jurisdiction.

In the case of *Short v. Pratt* the facts are imperfectly stated. It does not appear whether the first report in that case ever was offered the second time, or not; and therefore it wants an essential point of similarity with the case at bar. And so far as the facts are alike, it is overruled by the case of *May v. Haven.*

The effect of the recommitment of the report is nothing more than the continuance of an action ; and if the referees refuse to return the rule, it is a contempt of Court, and punishable by attachment. In the present case they have done all they could do. The three met the parties, heard them, and agreed upon a report. At the solicitation of the losing party, the report was recommitted for farther proof. No such proof being offered, and one of the referees, probably the friend of the plaintiff in error, declining to sit again, the other two return the report, expressing themselves satisfied with it as it was. It is then a

report made by all the referees, and the judgment upon it is not erroneous.

*Ames,* in reply.

It was as important that the third referee should be present at the second meeting, as at the first. His reasonings, and opinions and his general aid were as necessary to the parties and they had as perfect a right to them in the one case as in the other.

As the first report appears correct in all matters of *form,* it is manifest that its recommitment was because of some improper or irregular proceedings by the referees,—some defect of *substance*—which being proved to the Court, induced them to send it back for revision. It was then a report *refused,* and of no force. It could not lawfully be made the foundation of a judgment, otherwise it would have been accepted. All the validity of the judgment in this case arises from the *second* report; not from the first, which has no more power or virtue than a judgment appealed from.

MELLEN C. J. Upon the award before us it appears that at the hearing of the parties, on the 29*th* day of *March* 1820, all three of the referees attended, and all of them signed the report, which was presented to the Circuit Court of Common Pleas at *April* term following, and was then recommitted. It also appears that all three of the referees never met again to reexamine the cause; but that two of them, in the absence of the third, who, as well as *Peterson* declined or neglected to attend, without any further hearing of the parties, or any farther proof, ratified the report which *all* had signed, and reported that *Loring* should recover the sum mentioned in the report of 29*th March.* The acceptance of this report at the *August* term following, and the judgment rendered thereon, is the error assigned.

Two cases have been cited, as nearly resembling the case at bar;—one by the plaintiff—the other by the defendant. The plaintiff relies on the case of *Short v. Pratt,* 6 *Mass.* 496. In that case all the referees had made and signed their report, which, being presented to the next Court for acceptance, was recommitted. At the following term of the same Court *two of*

the referees made a *new report*, on which the judgment complained of was rendered. In that report it appears that they had met the parties, and *having heard their several pleas and allegations*, made *that* as their *final award*. Whether the sum reported by this final award was the same as that mentioned in the former; or whether it was a greater or less sum does not appear.* In that case the Chief Justice observed, that " all the referees must hear the parties; and if they do not all agree, the greater part may proceed."

The defendant has cited the case of *May v. Haven*, 9 *Mass.* 325. This also seems analogous to the case before us, and is considered by the counsel for the defendant as reversing the decision in the case of *Short v. Pratt*. In order to arrive at a correct determination, we do not consider it important to examine the principles of any of the other cases which have been cited. In the case of *May v. Haven* it appears that *all three* of the referees made the report, which was presented for acceptance, and recommitted; and that after the recommitment *two* of them met the parties, but the *third* declined attending;— " wherefore, without any further hearing of the parties," they reported as before, adding costs.

It was contended that the first report had lost its effect, and become a nullity by the recommitment. The Court thought otherwise,—sanctioned the last report, and affirmed the judgment of the Court of Common Pleas, on the acceptance of the report. With these two decisions before us, we are to decide whether to affirm or reverse the judgment complained of in the case at bar.

If the two cases were at variance, we should perhaps be inclined to respect the authority of the latter decision, on the ground that the Court intended it as a revision and reversal of the opinion delivered in the former. But we consider both cases as perfectly consistent, and founded on correct principles.

---

* The Reporter has since ascertained that the first report, in the case cited, was in favour of *Short;* and that the second, by two of the referees, was in favour of *Pratt & al.* The observations of *Parsons C. J.* are therefore applicable to a *new* report, *diffrent* from the former, and made by two of the referees, the third not having been present at the hearing;—and the case, thus explained, is not contradicted by the case of *May v. Haven*.

In the case of *Short v. Pratt two only* of the referees met the parties after the recommitment—heard their pleas and allegations—and made a *new* and *final* award between the parties; nor does it appear that there was any proof before the Court that the absent referee *assented to,* or even *knew* its amount, or the principles or facts on which it was founded. Speaking of *such* a report, the Chief Justice observed that *all the referees must hear the parties.* In the case of *May v. Haven* all the referees made and signed the *first* report; and after the recommitment two of them met, and the third declining to join them, they proceeded no further,—had no further proof or hearing,— but merely ratified the first report, to which *all the three* had previously agreed. In essence, it was the report of *all,* though signed the last time by *two* only, of the referees. The arguments and opinions of the absent referee had produced their proper effect, at the hearing of the parties when all were present.

The case at bar is similar to that of *May v. Haven,* and must be governed by similar principles. *Bradshaw,* the absent referee, had *once* agreed to, and signed, a report, awarding precisely the same sum in damages to *Loring,* as was reported by the other two in his absence. No change was made in the report; none had taken place in the opinions of the referees; nor was any opportunity offered which could produce such change. We all are satisfied that there is no error in the judgment complained of, and of course the

> *Judgment is affirmed, with costs for the defendant.*